UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>vs.<br><br>MICHAEL HOEFT,<br><br>                         Defendant. | 4:21-CR-40163-KES<br><br>**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

Comes now, the above-named Defendant, by and through the undersigned attorney, and in support of his Motion to Dismiss, hereby submits Defendant's Supplemental Memorandum in Support of Motion to Dismiss.

### Background

Defendant is charged in Count 2 of a two-count Indictment (DOC 1) with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g) (1) and (9) and 924(a)(2). Defendant submits this supplemental memorandum in support of his argument that 18 U.S.C § 922(g)(9) is unconstitutional as applied to him under the Supreme Court's holding in *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191, 2200, 204 L.Ed.2d 594 (2019).

18 U.S.C. § 922(g) provides in pertinent part:

(g)     It shall be unlawful for any person-

    (9)     who has been convicted in any court of a misdemeanor crime of domestic violence,

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

### Facts

1

In Count II of the Indictment the government alleges Mr. Hoeft was knowingly convicted of simple assault domestic, in violation of SDCL 22-18-1(1), on December 7, 2020. In the case of conviction, the state sought charges against Mr. Hoeft, presenting the grand jury with a proposed three-count indictment (Minnehaha County 49CRI20-001332) alleging violations under Count 1, of Aggravated Assault pursuant to SDCL 22-18-1, a Class 3 felony. (Exhibit 1-Indictment). Counts 2 and 3 of the indictment presented to the grand jury alleged violations of SDCL 22-18-1 (1) and (4) respectively. However, the face of the Indictment returned by the grand jury reveals that it declined to indict Mr. Hoeft on Count 1 (a felony count), by striking that count though its text and initialing the stricken text, "RM." The grand jury did indict Mr. Hoeft on Counts 2 and 3, returning an indictment alleging violations of SDCL 22-18-1 (1) and (4) respectively.

SDCL 22-18-1 is a divisible statute[1] under Eight Circuit precedent. The statute provides in pertinent part:

> A person is guilty of simple assault, a Class 1 misdemeanor, if the person:
>
> (1)     Attempts to cause bodily injury to another and has the actual ability to cause the injury; [or]
>
> (4)     Attempts by physical menace or credible threat to put another in fear of imminent bodily harm, with or without the actual ability to harm the other person[.]

SDCL 22-18-1.

A review of the transcript of change of plea hearing in Minnehaha County 49CRI20-001332, reveals that Mr. Hoeft was not personally present at the time the guilty plea was entered

---

[1] *United States v. Horse Looking*, 828 F. 3d 744, 747-748 (8th Cir. 2016) (noting that "[t]he South Dakota assault statute effectively lists at least five separate crimes with different elements. It is, in the parlance of the field, a 'divisible statute.'"(citations omitted)).

by his attorney. (Exhibit 2, Change of Plea Hearing Transcript, 2:1). Rather, Mr. Hoeft's attorney submitted a form entitled "Petition to Give Up Rights and Plead Guilty." (DOC 80 at Exhibit 1). The face of the plea petition form reveals that Mr. Hoeft's attorney signed the plea petition form on Mr. Hoeft's behalf after discussing the rights enumerated in the form with Mr. Hoeft via telephone. (Defendant's Reply Memorandum in Support of Motion to Dismiss. (DOC 80)). The plea petition does not identify which count(s) of the Indictment were the subject of the plea or provide the factual basis supporting the plea. *Id.*

At the change of plea hearing, Mr. Hoeft's attorney advised the magistrate court judge that he would be entering a guilty plea to Count 1 of the Indictment on Mr. Hoeft's behalf. (Exhibit 2, Change of Plea Hearing, Transcript, 2:11). As noted above, Count 1 of the Indictment had been stricken and the only remaining counts were Counts 2 and 3. Without questioning counsel as to this discrepancy, the magistrate judge proceeded to recite the charges under Count 2, citing the elements of SDCL 22-18-1 (1). *Id.* at 3:5. When asked what plea he was authorized to enter to the charge, Mr. Hoeft's attorney replied, "Guilty". Under *Horse Looking,* if Mr. Hoeft had pleaded guilty to Count 3, his subsequent conviction would not form the basis for prosecution under 18 U.S.C. § 922(g) (9). *United States v. Horse Looking*, 828 F. 3d 744, 747 (8th Cir. 2016).

The state court prosecutor then proceeded to offer a factual basis for the plea supporting a conviction under Count 2. (Exhibit 2, Change of Plea Hearing Transcript, 3:17). When asked if Mr. Hoeft agreed with the prosecutor's rendition of the factual basis provided to the court, Mr. Hoeft's attorney offered an equivocal, "Yes, he kicked a box at his wife and it hit her." *Id.* at 4:3. The magistrate court accepted the guilty plea and scheduled the case for sentencing.

3

Mr. Hoeft did appear personally and with his attorney at the sentencing hearing on December 7, 2020. (Exhibit 3, Sentencing Hearing Transcript, 3:17). The sentencing hearing proceeded with the states rendition of the facts supporting the charge as well as uncharged conduct and potential 404 (b) evidence it would have sought to admit if the matter had gone to trial. This discourse led to a private colloquy between the prosecutor and Mr. Hoeft's attorney. *Id.* at 5:17.

After objecting to the various facts proffered by the prosecutor in support of the plea agreement, Mr. Hoeft's attorney conceded that Mr. Hoeft had lost his temper, made threats to his wife and "kicked a box at her that hit her in the head, fortunately not causing any injuries." *Id.* at 8:4. Mr. Hoeft exercised his right of allocution at the sentencing hearing, denying unspecified allegations made by the prosecutor as false, but admitting that he had an argument with his wife and that "things were said that shouldn't have been said" and "The box they're talking about is a shoe box. An empty box. It didn't even hit her in the head." *Id.* at 10:12-11:4.

Without addressing these factual disputes, the magistrate judge noted that there were "varying versions of an event and in terms of not anything being factually proven to me at this point," and proceeded to express her concerns regarding the parties' children's expose to domestic violence. Ultimately the court imposed a sentence consistent with the plea agreement. *Id.* at 11:12. At no point in the proceeding was Mr. Hoeft advised as to nature of his conviction or the elements of the offense that formed its basis. The written judgment of conviction, memorializing the charge of conviction under SDCL 22-18-1 (1), was not entered in that matter until October 18, 2021, nearly a month after Mr. Hoeft was arrested on the charges that form the basis for the present prosecution. (Exhibit 4, Judgment of Conviction).

**Argument**

Mr. Hoeft claims that 18 U.S.C § 922(g)(9) is unconstitutional as applied to him because his conviction under SDCL 22-18-1 (1) was obtained in violation of his Fifth Amendment right to the effective assistance of counsel. Under federal law, [A] `misdemeanor crime of domestic violence' means an offense that (i) is a misdemeanor under Federal, State, or Tribal law; and (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse . . . of the victim. 18 U.S.C. § 921(a)(33)(A). "A person shall not be considered to have been convicted of such an offense for purposes of this chapter, unless— (I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case." *Id.*at (B). A conviction under SDCL 22-18-1 (4) does not qualify as a "misdemeanor crime of domestic violence" under federal law. *United States v. Horse Looking*, 828 F. 3d 744, 747 (8th Cir. 2016).

The record supporting Mr. Hoeft's underlying domestic violence conviction is devoid of any evidence that he was aware of the specific nature of the charge to which he was pleading or the consequences of that plea with respect to his Second Amendment rights. Given the divisible nature of South Dakota's simple assault statute, without knowing which subdivision of SDCL 22-18-1 to which his lawyer had pledged him guilty, Mr. Hoeft could not have known that the count of conviction his lawyer conceded would place him in the class of persons subject to prosecution under 18 U.S.C. § 922(g)(9).

In *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), the Supreme Court considered whether an uncounseled state court conviction obtained in violation of the Sixth Amendment could serve as the predicate for a subsequent conviction under 18 U.S.C. app. § 1202(a)(1) (1976), the predecessor to 18 U.S.C. § 922(g)(1). The Court concluded that the statute did not permit a collateral attack on the underlying conviction, and the

5

Constitution did not establish a right to make one. *Id*. at 65-67, 100 S.Ct. 915. The *Lewis* Court held that the plain language of the statute did not "suggest[] a congressional intent to limit its coverage to persons [whose convictions are not subject to collateral attack]." *Id*. at 60, 100 S.Ct. 915 (second alteration in original) (internal quotation omitted).

The distinction between Mr. Hoeft's situation and *Lewis* is rooted in the text of the statute: a person shall not be considered to have been convicted of a misdemeanor crime of domestic violence for purposes of § 922(g)(9) unless he was "represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case." 18 U.S.C. § 921(a)(33)(B)(i)(I). Mr. Hoeft argues that although he was represented by counsel in his underlying misdemeanor case, he was not provided with effective assistance of counsel. He was unaware of the count in his state court indictment his that his attorney elected in admitting his guilt and the facts that his attorney had admitted on his behalf to establish his guilt.

Under the Sixth Amendment, the right to counsel is the right to effective and competent assistance of counsel. *Padilla v. Kentucky*, 559 U.S. 356 (2010). Competent defense counsel is obligated to advise their clients of the serious collateral ramifications of conviction. *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017); *See* also, *Standards for Criminal Justice Standard* 14-3.2(f) (Am. Bar Ass'n 1999) ("To the extent possible, defense counsel should determine and advise the defendant, sufficiently in advance of the entry of any plea, as to the possible collateral consequences that might ensue from entry of the contemplated plea."); *see also*, Gabriel J. Chin & Richard W. Holmes, Jr., *Effective Assistance of Counsel and the Consequences of Guilty Pleas*, 87 Cornell L. Rev. 697, 713-18 (2002) (surveying further professional standards and guidance that direct counsel to advise a client of a guilty plea's collateral consequences).

A defendant's knowledge of his prohibited status is fundamental to the Government's burden of proof under § 922(g) (9). In *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191, 2200, 204 L.Ed.2d 594 (2019). In *Rehaif*, the Supreme Court held that convictions under § 924(a)(2) for knowingly violating § 922(g) require "the Government [to] prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." The "relevant category" in this case is the category of persons who have been convicted of "a misdemeanor crime of domestic violence,"

The defendant in *Rehaif* was charged with unlawful possession due to the prohibited status specified in section 922(g)(5)(A); *i.e.*, that of "an alien . . . illegally or unlawfully in the United States." The Court acknowledged that "whether an alien is 'illegally or unlawfully in the United States' is a question of law, not fact." *Id.* at 2198. And while the government argued that the "maxim" that "ignorance of the law" provides no defense, the Court recognized that this principle "applies where a defendant ... claims to be unaware of the existence of a statute proscribing his conduct." *Id*. (internal quotation omitted). "In contrast, the maxim does not normally apply where a defendant has a mistaken impression concerning the legal effect of some collateral matter and that mistake results in his misunderstanding the full significance of his conduct, thereby negating an element of the offense." *Id*. (internal quotation omitted). The Court thus held that even though determining the legality of one's presence in the United States may be "a legal matter," that matter is "collateral" to a charge under section 922(g)(5)(A) because a defendant unaware of or mistaken as to the answer to this preliminary legal question "does not have the guilty state of mind that [section 922(g)]'s language and purposes require." *Id.*

Like , *Rehaif*, in this case § 922(g)(9), the government must prove that the defendant knowingly possessed a firearm, but also that he knew his status as a person barred from possessing a firearm by virtue of his conviction under SDCL 22-18-1 (1). In *Rehaif*, the question of fact regarding that knowledge was the subject of remand. Here, however, the record of conviction demonstrates that Mr. Hoeft could not have been aware of his prohibited status under § 922(g)(9). His plea petition is silent as to the element of the crime of conviction and Mr. Hoeft was not present at the change of plea hearing when his attorney conceded his guilty to violating SDCL 22-18-1 (1). Likewise, nothing at the subsequent sentencing hearing would have informed Mr. Hoeft of the specific charge for which he was being convicted.

The government has charged Mr. Hoeft with belonging to a prohibited category of persons based upon a guilty plea his attorney proffered to Count 1, a count stricken from the indictment and for which Mr. Hoeft had never been indicted. In turn, the magistrate substituted the elements of Count 2 (SDCL 22-18-1 (1). In his absence, Mr. Hoeft's attorney acquiesced to the elements of SDCL 22-18-1 (1) as the count of conviction and conceded facts that Mr. Hoeft would later deny at his sentencing hearing. The record of the proceedings of Mr. Hoeft's simple assault conviction fail to demonstrate as a matter of law that he was ever aware that he was pleading to a crime which would render him subject to prosecution under § 922(g)(9).

At his sentencing hearing, Mr. Hoeft's admission that he had kicked a shoe box during an argument with his wife would fall squarely within the prohibition of SDCL 22-18-1 (4), not rendering him a prohibited person. Because Mr. Hoeft was never advised which subdivision of the divisible simple assault statute the court had selected in receiving his guilty plea or that in his absence his attorney had acquiesced to an alternative charge, (which placed him in the category of persons convicted of a misdemeanor crime of domestic violence under § 922(g)(9)), he cannot

8

be convicted of knowingly violating § 922(g)(9).  *United States v. Minor*, 31 F.4th 9, 18 (1st Cir. 2022) (holding that "to establish that the defendant 'knowingly' violated section 922(g)(9), the government need prove that he 'knew he violated the material elements of § 922(g), which . . . means that he knew he had been convicted of a misdemeanor crime of domestic violence." (citation omitted)).  Given the divisible nature of SDCL 22-18-1, it would have been impossible for Mr. Hoeft to discern his legal status relative to § 922(g)(9) without knowing which subdivision the statute his attorney had conceded he violated.

Mr. Hoeft does not contest that his 2021 conviction places him within the prohibited category of section 922(g)(9); he disputes that he knowingly acquiesced to his attorney entering a plea on his behalf which would render him a prohibited person under § 922(g).  Mr. Hoeft argues that whether he is properly subject to the prohibited status in § 922(g)(9) is a permissible collateral challenge which is properly before this Court.  *Rehaif*, 139 S. Ct. at 2200.  His lack of knowledge as to the elements of the underlying crime and his lack of knowledge as to the factual basis his lawyer conceded in entering his guilty plea, render his plea insufficient to sustain a conviction under § 922(g)(9) as a matter of law.  *See, Rehaif*, 139 S. Ct. at 2197.

Dated this 30th day of January, 2023.

CREW & CREW, P.C.

_RICK L. RAMSTAD_
RICK L. RAMSTAD
141 N. Main Avenue, Suite 706
Sioux Falls, SD  57104
(605) 335-5561
Attorney for Defendant

9